**Towfikul Islam CHOUDHURY, also known as Towfikul Islam Chaawdhury, also known as Tawfiqul Islam Chowdhury, also known as Baker Chowdhury, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 10–60570
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 15, 2011.

the limited circumstances set forth in 5TH CIR.    R. 47.5.4.

Salim Sheikh, Esq., New York, NY, for Petitioner.

Channah M. Farber, Tangerlia Cox, Susan Bennett Green, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

Towfikul Islam Choudhury, a citizen and native of Bangladesh, petitions this court for review of the Board of Immigration Appeals' (BIA's) order denying as untimely his motion to reopen his removal proceedings. Choudhury does not challenge the BIA's determination that his motion to reopen was untimely, but maintains that the time limitation should not apply because his motion to reopen was based upon changed country conditions in Bangladesh. He asserts that there were changed circumstances in Bangladesh since his previous asylum hearing because the Awami League is in power now but was not in power at the time he initially sought asylum. He asserts that he did not raise his affiliation with the Bangladesh Nationalist Party (BNP) in his initial asylum application because the rival Awami League was not in power at that time. He contends that State Department reports showed changed country conditions and Bangladesh's poor human rights record.

An alien is not bound by the time limitation for filing a motion to reopen if his request for asylum or withholding of deportation "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The evidence submitted by Choudhury, however, did not show a change in conditions in Bangladesh since the time of his asylum hearing. While there was a state of emergency declared in Bangladesh in 2007, the state of emergency ended well before Choudhury filed his motion to reopen. State Department reports showed that the Awami League was in power, that Bangladesh's human rights record was poor, and that political violence

---

was common, both when Choudhury filed the motion to reopen in 2009 and at the time of his asylum hearing in 1999.

The BIA did not abuse its discretion by determining that Choudhury had not established changed country conditions and that his motion to reopen was, therefore, untimely. *See Panjwani v. Gonzales*, 401 F.3d 626, 632–33 (5th Cir.2005). Accordingly, we decline to address Choudhury's arguments that he established prima facie eligibility for asylum, withholding of removal, and withholding of removal under the Convention Against Torture. *See INS v. Orlando Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

PETITION DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.