**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 11, 2011

No. 11-60012
Summary Calendar

Lyle W. Cayce
Clerk

EDGAR ERNESTO MARTINEZ-DE LEON,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 592 670

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

An in absentia order of removal was entered by the Immigration Judge on June 28, 2005, requiring the removal of Edgar Ernesto Martinez-De Leon (Martinez) to El Salvador. On December 23, 2009, Martinez moved to reopen the removal proceedings so that he could apply for asylum. The BIA dismissed the motion to reopen as untimely filed. Martinez has petitioned this court for review of the BIA's decision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60012

Martinez contends that the BIA abused its discretion by refusing to reopen his removal proceedings because he was never properly served with Notice to Appear (NTA). The BIA found that Martinez was personally served with an NTA on March 30, 2005, which set forth the date and time of his hearing. The NTA bears Martinez's signature and fingerprint; it explained the consequences of failing to appear, and it indicated that Martinez was advised orally in Spanish of the time and place of his hearing and the consequences of failing to appear. The hearing was held on the date set forth in the NTA, but Martinez did not appear.

The BIA concluded that Martinez was properly notified of the immigration hearing. This finding is supported by substantial evidence. *See Kohwarien v. Holder*, 635 F.3d 174, 178 (5th Cir. 2011). Martinez raises no argument with respect to the BIA's conclusion that he had failed to make any showing of changed circumstances in El Salvador. Issues not raised in an alien's petition for review of a decision by the BIA are deemed abandoned. *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Martinez's remaining arguments go to the BIA's alternative holding that he had made an inadequate showing that he is entitled to asylum and withholding of removal; he contends also that the BIA failed to explain adequately its reasons for denying relief. The BIA's reasons provided an adequate basis for this court's review. *See Hernandez-Cordero v. USINS*, 819 F.2d 558, 563 (5th Cir. 1987) (en banc). Because Martinez has not shown that the BIA abused its discretion in determining that his motion to reopen was untimely, we have not considered whether the BIA abused its discretion in determining that Martinez had not made a prima facie showing of eligibility for asylum or withholding of removal. *See Choudhury v. Holder*, 418 F. App'x 318, 320 (5th Cir. 2011)(unpublished). The petition for review is DENIED.